**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JAMES ROBERT JONES, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 2:18-cv-405 |
| | ) |
| NORTHVIEW ELEMENTARY SCHOOL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Comes now Defendant Northview Elementary School ("School"), by counsel CRIST, SEARS &

ZIC, LLP and, for its Memorandum in Support of its Motion to Dismiss, states as follows:

**FACTUAL BACKGROUND**[1]

On or about October 29, 2018, Plaintiff James Jones, Jr., *pro se* ("Jones"), filed his

Complaint. *See generally* Docket. In his Complaint,[2] he alleges that he was offered a full time

position with School through his employer, Express Personnel, a temporary employee agency. *See*

Complaint, lines 1-5. Jones started working at the School on September 30, 2018 and was assigned

janitorial work, performing the duties of two people. *See* Complaint, lines 8-15. After five or six

weeks on the job, a new person was brought in. *See* Complaint, lines 16-22. The new employee was

given some of Jones' duties and took over additional duties, but Jones claims her assigned duties

were "easier." *See* Complaint, lines 22-24. Jones was thereafter terminated for not doing

---

1 In light of the standard of review, School presents the facts in the light most favorable to Jones as
the non-moving party, but reserves the right to assert alternative facts at a trial in this matter, if
necessary.

2 As his Complaint is one numbered paragraph that is twenty-seven (27) lines long, Defendant refers
to the line numbers in the Complaint when citing to Plaintiff's allegations.

satisfactory work.  *See* Complaint, lines 24-27.  Jones claims One Hundred Thousand Dollars

($100,000) for "wrongfully being terminated" and "being used unfairly."  *See* Complaint, Relief.

## STANDARD OF REVIEW

School moves to dismiss Jones' Complaint pursuant to Rules 12(b)(1)  and 12(b)(6) of the

Federal Rules of Civil Procedure, which provide, in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim,
> counterclaim, cross-clam, or third-party claim, shall be asserted in the responsive
> pleading thereto if one is required, except that the following defenses may at the
> option of the pleader be made by motion: (1) lack of jurisdiction over the subject
> matter; [] (6) failure to state a claim upon which relief can be granted.

The Supreme Court has examined what a plaintiff must plead in accordance with Rule 8(a)(2)

of the Federal Rules of Civil Procedure, which requires only

>  "a short and plain statement of the claim showing that the pleader is entitled to
> relief" in order to "give the defendant fair notice of what the...claim is and the
> grounds upon which it rests," []  While a complaint attacked by a Rule 12(b)(6)
> motion to dismiss does not need detailed factual allegations, [] a plaintiff's obligation
> to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and
> conclusions, and the formulaic recitation of the elements of a cause of action will not
> do [].  Factual allegations must be enough to raise a right to relief above the
> speculative level, [] on the assumption that all the allegations of the complaint are
> true (even if doubtful in fact).

*Bell Atlantic Corporation v. Twombly*, 127 S.Ct 1955, 1964-1965 (2007)(internal citations omitted).

> The policy behind this requirement was delineated by the Court:

> …. something beyond the mere possibility of loss causation must be alleged, lest a
> plaintiff with a "'largely groundless claim'" be allowed to "'take up the time of a
> number of other people, with the right to do so representing an *in terrorem* increment
> of the settlement value.'" []  So, when the allegations in a complaint, however true,
> could not raise a claim of entitlement to relief, "'this basic deficiency should…be
> exposed at the point of minimum expenditure of time and money by the parties and
> the court.'"

*Id.* at 1966 (emphasis in original)(internal citations omitted).

Further, the Supreme Court has noted that conclusory allegations of discrimination are not enough to satisfy Rule 8 of the Federal Rules of Civil Procedure.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009)

## ARGUMENT

Jones' Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure.  He fails to state a claim upon which relief can be granted, as he alleges that he was terminated for performing unsatisfactory work, which is not a cause of action under federal law.  Additionally and alternatively, as he has not alleged a federal cause of action,  this Court does not have subject matter to consider his claims.  As his Complaint is fatally defective under both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate.

   A.  Jones' Complaint Does Not State a Claim Upon Which Relief Can Be Granted.

As delineated in the statement of facts, Jones claims that another employee was hired, and that he was thereafter terminated for unsatisfactory work.  This is not a cause of action.  Under Indiana law, as an at-will employee, he can be terminated for any reason or no reason at all.  "If there is no definite or ascertainable term of employment, then the employment is at-will, and is presumptively terminable at any time, with or without cause, by either party." *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 717 (Ind. 1997)(internal citations omitted).   There is a strong presumption of employment at-will in this state, and Jones has not advanced any allegations to refute that presumption.

Further, unlike the Plaintiff in *Iqbal*, Jones has not alleged **any** facts or causes of action that would support a claim.  There is no factual context or legal conclusion.  *Iqbal*, 129 S.Ct. at 1952. As a result, his Complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure and dismissal under Rule 12(b)(6) is appropriate.

B.  Jones Has Not Alleged a Cause of Action under Federal Law.

Alternatively, even if this Court were to find that Jones' *pro se* Complaint satisfies the requirements of Rule 8 and applicable caselaw, there is no allegation of a federal claim.  The law is clear that federal courts are courts of limited jurisdiction and can only exercise jurisdiction when authorized by statute.  *Teamsters Nat. Automotive Transporters Industry Negotiating Committee v. Troha*, 328 F.3d 325, 327 (7th Cir. 2003); *see also Crowley Cutlery Co. v. U.S.*, 849 F.2d 273, 278 (7th Cir. 1988)(noting that "if frivolous suits do not invoke federal jurisdiction, dismissal is mandatory").  When the claim is "so insubstantial, implausible, foreclosed by prior decision of this Court, or otherwise completely devoid of merit as to not to involve a federal controversy," dismissal for lack of subject matter jurisdiction is appropriate.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)(internal citations omitted).   As the allegations in Jones' Complaint do not state a federal question or present facts that otherwise entitle him to file his claim in federal court, this Court is without subject matter jurisdiction to entertain Jones' claim and his Complaint must be dismissed.

## CONCLUSION

Plaintiff's Complaint does not state *any* factual or legal basis for a recoverable claim against Defendant Northview Elementary School.  As an at-will employee, his Complaint does not satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure, and, as a result, dismissal is appropriate under Rules 12(b)(1) and 12(b)(6).

Wherefore, Defendant Northview Elementary School, by counsel CRIST, SEARS & ZIC, LLP, respectfully requests that this Court dismiss Plaintiff's Complaint and order any and all other just and proper relief in the premises.

Respectfully submitted,

/s/ Jacquelyn S. Pillar
Michael D. Sears, #2108-45
Jacquelyn S. Pillar, #25051-64
CRIST, SEARS & ZIC, LLP
11051 Broadway, Suite C
Crown Point, Indiana 46307
(219) 836-0200
Attorneys for Defendant,
Northview Elementary School

## CERTIFICATE OF SERVICE

I certify that on the 17th day of December, 2018, I served a true and accurate copy of the foregoing pleading upon all parties or counsel of record, by depositing the same in the United States Mail in envelopes properly addressed to the address below, with sufficient postage afffixed.

James R. Jones, Jr.
3764 Adams
Gary, Indiana 46408

/s/ Jacquelyn S. Pillar
CRIST, SEARS & ZIC, LLP
