**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JAMES ROBERT JONES, JR., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:18-CV-405-JEM |
| ) | |
| NORTHVIEW ELEMENTARY SCHOOL, ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for clerk to issue default [DE 8], filed by Plaintiff James Robert Jones, *pro se*, on November 20, 2018, and a Motion to Dismiss Plaintiff's Complaint [DE 14], filed by Defendant Northview Elementary School on December 17, 2018. Jones responded to the motion to dismiss on December 27, 2018, and Northview filed a reply on January 3, 2019.

**I.     Background**

Jones's Complaint, which does not name a specific cause of action, alleges as follows: Jones was employed by "Express Personell," a temp agency, to work 30 hours per week at Northview Elementary School. Jones was assigned janitorial work, and Northview's principal told Jones that he was performing work normally done by two people. After five or six weeks, during which Jones received positive feedback for his work, a second person was hired. The second person was given some of Jones's duties and some additional "easier" duties. At some point after that, Jones "lost [his] job for not doing satisfactory work." Jones filed this lawsuit, alleging that he was "wrongfully [] terminated" and "used unfairly." Northview seeks to dismiss the lawsuit for lack of subject-matter jurisdiction and failure to state a claim.

**II.     Analysis**

On November 20, 2018, Jones filed a motion seeking entry of a default judgment against Northview, arguing that Northview failed to respond within 21 days of service of the summons and Complaint. However, Northview timely sought an extension, which the Court granted, giving Northview until December 17, 2018 to respond to the Complaint. *See* [DE 9]. Northview filed its motion to dismiss on December 17, 2018. Jones's motion is therefore without merit, and the Court proceeds to Northview's motion to dismiss.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on the motion, the Court accepts as true the facts alleged by the plaintiff and all reasonable inferences that can be drawn from them. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 570). Because Plaintiff is *pro se*, his complaint should be "liberally construed." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). However, the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005).

Northview argues that Jones was an at-will employee who could be fired for any reason, and that his Complaint does not allege any facts or causes of action that would support a claim against

Northview. Jones agrees that "this is [an] at-will work state," but nonetheless alleges "wrongful termination," and presents several arguments that he says support a claim against Northview.

In Indiana, if there is no definite term of employment, "the employment is at-will, and is presumptively terminable at any time, with or without cause." *Orr v. Westminster Vill. N., Inc.*, 689 N.E.2d 712, 717 (Ind. 1997). There is an exception to this rule if "a clear statutory expression of a right or duty is contravened." *Id*. at 718. Therefore, to sustain a claim of "wrongful termination," or any similar claim, Jones must show that Northview's actions violated his statutory rights.

Jones argues that he worked extra hours and skipped breaks because he was doing the work of two people, and that he was told his work was "fine." Accepting Jones's allegations as true, the fact that he was performing well and working hard does not mean that Northview was not allowed to fire him. Jones has not shown how the firing resulted in a violation of his rights. For the same reason, Jones's argument that he should have been given some kind of warning before the firing is also insufficient to state a claim.

Addressing Northview's argument that no federal claim exists, Jones states that his firing was discriminatory, and "federal law [prohibits] a person to be treated [differently] than [others] on a job [especially] a government job." Federal law prohibits certain kinds of discrimination, such that based on age, disability, or race, but Jones does not suggest discrimination on any of those grounds. Although Jones indicates that the second person who was hired was a woman, he states only that he was "treated [differently]" than the second person, and does not allege that the differential treatment was related to gender. Therefore, Jones fails to state a claim of unlawful discrimination.

In his response to the motion to dismiss, Jones states that he should have been paid overtime. As an initial matter, Jones cannot add new claims in his response. "[T]he complaint may not be

3

amended by the briefs in opposition to a motion to dismiss." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) (citing *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir.1989)). Even if Jones were making a claim for unpaid wages, the fact that he was doing work apparently allotted to two people, or working more than the scheduled 30 hours a week, would not necessarily entitle him to overtime. *See, e.g.,* 29 U.S.C.A. § 207(a)(1) (overtime under the federal Fair Labor Standards Act applies to certain employees "for a workweek longer than forty hours"). Jones does not state any other facts in support of his allegation of unpaid overtime, and therefore does not state a claim.

Also in his response, Jones states that when "serving his summons," he was "retaliated" against by "Joe Launck," who allegedly told Jones that he would not get a job at any other school in Valparaiso because of his lawsuit, and that he would be trespassing if he tried to go to any school in Valparaiso. This "retaliation" allegedly occurred *after* Jones was terminated; Jones has not shown that being told he would not be re-hired, or being warned against trespassing, violates his rights or forms the basis for a legal claim against Northview.

### III.   Conclusion

For the foregoing reasons, having "liberally construed" Plaintiff's Complaint and response to the instant Motion, the Court hereby **DENIES** the Motion for clerk to issue default [DE 8], **GRANTS** the Motion to Dismiss Plaintiff's Complaint [DE 14], and **ORDERS** that the Complaint be dismissed without prejudice. The status hearing set for **April 25, 2019** is therefore **VACATED**.

SO ORDERED this 19th day of April, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    All counsel of record

Plaintiff, *pro se*